# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS SUBER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CV1363 RWS |
| FREDRICK LEMONS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Carlos Suber, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint, the Court finds that this case should be stayed and administratively closed pursuant to the principles espoused in the Supreme Court case of *Wallace v. Kato*, 549 U.S. 394 (2007).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted only one month of the six-month period immediately preceding the submission of his complaint. As such, the Court does not have enough information to calculate an average monthly balance or an average monthly deposit. As such, a nominal partial filing fee of $1.00 will be assessed at this time. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Carlos Suber, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Frederick Lemons (Detective); Carl Coleman (Detective); Larry Becton (Detective); Chris Nappier (Detective); Carol Jackson (Captain); Dour Nodari (Detective); Lee Hall (Detective); Michael Gage (Detective); University City; and Marchelli Jemerson (Detective).

Plaintiff alleges that several detectives of the University City Police Department conspired to violate his rights under the 4th Amendment by arresting him without probable cause on or about October 29th and into the morning of October 30th of 2012. He asserts that the detectives "circumvented procedures" by using unconstitutional line-up procedures and an "administrative warrant" and unlawful interrogations which resulted in a false arrest and false imprisonment.

Plaintiff alleges that he and his attorney were told that he was being picked up by University City detectives for a warrant in Pagedale, but he was really taken to do a line-up in St. Louis County on suspicion of murder. He states that he asked for his attorney several times during the process, but he was denied legal counsel. Plaintiff claims he was then charged with murder and taken into custody. Plaintiff claims both he and his attorney were lied to, and he asserts that the police detectives used the warrant in Pagedale as subterfuge to take him to St. Louis County to get him into a line-up. However, he claims that he was never taken to Pagedale and no one ever spoke to him about clearing the warrant.

Plaintiff seeks monetary damages as relief in this action.

## Discussion

The Court takes judicial notice that a review of Missouri.Case.Net shows that plaintiff was arrested by the St. Louis County Police Department on the date of the alleged occurrence

(October 29, 2012).  *See State v. Suber*, No. 13SL-CR00649-01 (21st Judicial Circuit).  He was charged with two counts of murder in the first degree and two counts of armed criminal action. Plaintiff's case is still pending in St. Louis County Court.

The Court notes that plaintiff's allegations, taken together, appear to allege allegations of false arrest, false imprisonment and conspiracy, all brought pursuant to 42 U.S.C. § 1983 and under the Fourth Amendment of the United States Constitution.

As the record shows, plaintiff has filed this false arrest, false imprisonment and conspiracy case while the underlying criminal case against him is still pending in the state court. In *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." The Court also instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94.  Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the impending civil action will impugn that verdict. . . – all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.*

After careful consideration, the Court finds that the principles established in *Wallace* dictate that further consideration of plaintiff's §1983 claims should be stayed until the underlying criminal charges pending against plaintiff are resolved.  *See Wallace*, 549 U.S. at 394.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis #[3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Suber*, No. 13SL-CR00649-01 in St. Louis County Circuit Court in St. Louis, Missouri.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Suber,* No. 13SL-CR00649-01 (21st Judicial Circuit).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court after a ruling on plaintiff's motion to reopen the case after such final disposition.

Dated this <u>10th</u> day of December, 2015.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE