UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS SUBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1363 RWS |
| | ) | |
| FREDRICK LEMONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). After review, the Court finds that it should be partially dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against the City of University City and several detectives with the University City Police Department. Plaintiff alleges that defendant Fredrick Lemons arrested him on a warrant from a different municipality, refused to allow him to call an attorney, and took him to a lineup at the St. Louis County Justice Center. He says that defendants Carl Coleman and Dour Nodari separated him from his attorney before interrogation. He claims the other defendants were aware of the situation and "participated." The majority of the allegations are wholly conclusory and do not allege facts which, if proven, would entitle plaintiff to relief.

## Discussion

The Court finds that the claims against Lemons, Coleman, and Nodari should not be dismissed at this time. As a result, the Court will serve these defendants with process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not set forth facts showing that the remaining defendants were personally involved with the alleged violations. As a result, they must be dismissed.

To the extent that plaintiff is attempting to allege a conspiracy, the claim fails. To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand

review under 28 U.S.C. § 1915(e). *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). The complaint does not contain more than summary allegations of a conspiracy.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The complaint does not state facts showing that a city policy or custom caused the alleged violations. As a result, plaintiff's official-capacity claims, as well as his claim against University City, fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Fredrick Lemons, Carl Coleman, and Dour Nodari.

**IT IS FURTHER ORDERED** that the remaining defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

Dated this 23rd day of September, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE