# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARLOS SUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1363 RWS |
| | ) |
| FREDRICK LEMONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for leave to file an amended complaint and on review of the proposed amended complaint under 28 U.S.C. § 1915(e). The motion to amend is granted. Additionally, some of plaintiff's claims are dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Discussion**

After reviewing the complaint, I find that it is non-frivolous with respect to plaintiff's individual-capacity claims against defendants Fredrick Lemons, Jessie Meinhardt, Marchelli Jemerson, Charles Adams, Carl Coleman, and Dour Nodari. Therefore, these defendants must file responsive pleadings.

Plaintiff also sues defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). In this case, plaintiff's claims regarding a policy or custom are conclusory and fail to allege sufficient facts to state a plausible claim for relief. As a result, plaintiff's official-capacity claims are dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Here, plaintiff has not alleged facts demonstrating that defendants Lee Hall, Larry Becton, Chris Nappier, or Carol Jackson were personally responsibility for the alleged deprivations of his

constitutional rights. His allegations of personal involvement against these defendants are entirely conclusory. Consequently, these defendants are dismissed.

Because I am allowing plaintiff to file his amended complaint, defendants' motions to dismiss for failure to state a claim are moot and are denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint (Doc. 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Jessie Meinhardt, Marchelli Jemerson, and Charles Adams.

**IT IS FURTHER ORDERED** that defendants Frederick Lemons, Dour Nodari, and Carl Coleman's motions to dismiss (Docs. 22, 25) are **DENIED** without prejudice. Defendants must respond to the amended complaint.

Dated this 26th day of July, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE