UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS SUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1363 RWS |
| | ) |
| FREDRICK LEMONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff moves for appointment of counsel. After considering the motion and the pleadings, the motion is denied without prejudice to refiling at a later time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. Further, after reviewing plaintiff's responses to defendants' motions to dismiss, plaintiff has demonstrated that he can adequately present his claims to the Court and defend his allegations in a cogent and constructive manner. Additionally, neither the factual nor the legal issues in this case are complex.

To the extent necessary, the Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #75] is **DENIED** without prejudice.

Dated this 20th day of September, 2017.

　　　　　　　　　　　　　　　　/s/ Rodney W. Sippel
　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE